UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:  CASE NO:

**Lawrence Jones**

Debtor (in a joint case, "debtor shall include "debtors")

## CHAPTER 13 PLAN

The format of this chapter 13 plan has been approved by the bankruptcy judges for the Eastern District of North Carolina.

CONFIRMATION PROCESS: Before a plan is confirmed, the chapter 13 trustee will file a separate Motion and Notice for Confirmation that will be served on all creditors. The trustee's Motion and Notice for Confirmation may incorporate some or all of the terms of the debtor's proposed plan, and will state the date by which objections to confirmation must be filed with the court. Any objections to confirmation must state with particularity the grounds for the objection.
**The rights of creditors may be affected if the plan is confirmed, and creditors should carefully read the plan.**

PROOF OF CLAIM: A creditor's claim will not be allowed or paid unless a proof of claim is filed by or on behalf of the creditor. Only allowed claims will receive a distribution from the chapter 13 trustee. Confirmation of a plan does not preclude the debtor, trustee or a party in interest from filing an objection to a claim.

PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS: Pre-confirmation adequate payments required by 11 U.S.C. § 1326(a)(1) that are to be made through the chapter 13 trustee pursuant to Local Rule 3070-1(b) shall be disbursed by the trustee in accordance with the trustee's customary distribution process. A creditor will not receive a pre-confirmation adequate protection payment unless the creditor timely files a proof of claim.

INFORMATION ABOUT THE DEBTOR: The debtor's Current Monthly Income as defined in 11 U.S.C. § 101(10A) is ABOVE ☐ / ■ BELOW (designate one) the applicable state median income.

The debtor's projected disposable income as referred to in 11 U.S.C. § 1325(b)(1)(B) is $__0.00__

The amount referred to in 11 U.S.C.§1325(a)(4) that would be paid to unsecured claims if the debtor's estate were liquidated in a case under chapter 7 of title 11 is $__0__. The "liquidation test" has been computed as follows:

| Asset (Real Property, Auto, Other) | Liquidation Value Net of Security Interest |
|---|---|
| **House and lot located at**<br>**7330 Boot Court, Lucoma, NC 27851**<br>**Tax Value: $75,431**<br>**SC(1): Wilson County Tax Office (ad valorem taxes) - escrowed in with mortgage payments**<br>**SC(2): Bank of America; Balance: $89,000 (etimated)** | 0.00 |
| **Cash on Hand** | 0.00 |
| **Wells Fargo checking account (ending 4922)** | 0.00 |
| **Self Help Credit Union bassic checking - account ending S20 ($169.02 is being deducted by Self Help credit union due to an overpayment)** | 0.00 |
| **Wells Fargo (account ending 6184)** | 0.00 |
| **Wells Fargo (account ending 6179)** | 0.00 |
| **Wells Fargo (account ending 1706)** | 0.00 |
| **Self Help Credit Union savings account ending S99** | 0.00 |
| **Self Help Credit Union account ending S90** | 0.00 |

| Asset (Real Property, Auto, Other) | Liquidation Value Net of Security Interest |
|---|---|
| **Microwave** | **0.00** |
| **Stove** | **0.00** |
| **Refrigerator** | **0.00** |
| **Freezer** | **0.00** |
| **Washer & Dryer** | **0.00** |
| **Living Room Furniture** | **0.00** |
| **Bedroom furniture** | **0.00** |
| **Dining Room Furniture** | **0.00** |
| **TV** | **0.00** |
| **Audio and video equipment (including hand-held devices)** | **0.00** |
| **Other household goods, supplies and furnishings (such as lamps, end-tables, knick-knacks, etc.)** | **0.00** |
| **CDs, DVDs, games** | **0.00** |
| **Comic books** | **0.00** |
| **Clothing and accessories** | **0.00** |
| **Jewelry** | **0.00** |
| **Lawnmower** | **0.00** |
| **Other lawn tools** | **0.00** |
| **Vacuum cleaner** | **0.00** |
| **Computer and accessories** | **0.00** |
| **401k account with City of Wilson.  Not property of the bankruptcy estate pursuant to 11 USC Section 541(c)(2). Value: $39,646.77** | 0.00 |
| **2 shares of WalMart stock** | 0.00 |
| **Proportionate share of 2012 state and federal income tax refunds (through petition date), if any** | 0.00 |
| **Potential Workers' Compensation claim with City of Wilson.  He is currently receiving benefits of $2,288.65/month from the City of Wilson.** | 0.00 |
| **Any tax refunds, state or federal, for the 2011 tax year.** | 0.00 |
| **1995 Nissan Pickup truck Mileage: 260,000** | 0.00 |
| **2003 Chevrolet Trailblazer Mileage: 148,579 (this vehicle does not pass inspection in its current condition and is not driveable; there is body damage from a prior car accident)** | 0.00 |

## PLAN TERMS PROPOSED BY DEBTOR

### 1. PAYMENTS AND LENGTH OF PLAN

The debtor shall make payments to the trustee in the aggregate amount of $  **58,680.00**  , which shall be payable as follows (state amount of monthly payment and the number of months to be paid):   **$978.00  per month for 60 months**  .

### 2. PAYMENT OF DEBTOR'S BASE ATTORNEY'S FEES

The balance of the debtor's attorney's base fee to be paid through the plan is $  **2,965.00**   (representing a base fee of $  **3,000.00**   less the amount of $   **35.00**    which has already been paid).

### 3. PAYMENT OF SECURED CLAIMS (PAID THROUGH THE PLAN)

The secured claims to be paid through the plan are listed in the chart at the end of this paragraph.  The allowed amounts of the secured claims will be limited to the amounts stated in the column "Amount of Secured Claim to be Paid," which will be paid with interest at the rate shown in the chart.  Distributions will be made by the trustee to the holders of secured claims over the duration of the plan as stated in Paragraph 1, and shall be subject to the disbursements for attorney's fees as set forth in Local Rule 2016-1.  Unless otherwise ordered by the court, the amount of a creditor's claim in excess of the allowed amount of the secured claim shall be a general unsecured claim.

| Creditor | Collateral Description | 910/365 Claim under § 1325(a)? Y/N | Amount of Claim | Collateral Value | Amount of Secured Claim to be Paid | Int. Rate | If Entitled to §1326 PMSI Adeq. Prot. Pymt. Specify Amt. of Pymt. | Est. Mo. Pymt. |
|---|---|---|---|---|---|---|---|---|
| **Bank of America** | **House and lot located at 7330 Boot Court, Lucoma, NC 27851** | N | **$89,000.00** | **$75,000.00** | **$65,202.00** | **0%** | **$0.00** | **$668.00** |
| **Wilson County Tax Collector** | **House and lot located at 7330 Boot Court, Lucoma, NC 27851** | Y | **$0.00** | **$75,000.00** | **$0.00** | **0%** | **$0.00** | **$0.00** |

### 4. PROPERTY TO BE SURRENDERED TO SECURED CREDITORS

The Debtor Will Surrender The Collateral Listed In The Chart At The End Of This Paragraph.  **Upon confirmation of the plan, the automatic stay and, if applicable, the codebtor stay, will terminate with respect to the surrendered collateral.** No claim for a deficiency will be allowed unless it is filed within 180 days after confirmation of the plan, and no distribution will be made to an affected secured creditor unless the secured creditor has given the debtor credit and reduced its claim to account for the surrendered collateral.

| Creditor | Collateral Description |
|---|---|
| **-NONE-** | |

### 5. CURING DEFAULTS

Pursuant to 11 U.S.C. § 1322(b)(3) and/or (5), the pre-petition defaults listed in the chart at the end of this paragraph will be cured through the plan in full with interest, if any, at the rate specified in the chart. The amount of the arrearage in the chart is an estimation and the amount of the arrearage, unless otherwise ordered by the court, shall be determined by the amount stated in the creditor's proof of claim. After the arrearage, as stated in the proof of claim or as otherwise determined by the court, has been paid through the plan, all pre-petition defaults shall be deemed to be cured, the debtor's obligation shall be deemed to be current as of the date of the petition, the secured creditor shall have no right to recover any amount alleged to have arisen prior to the filing of the petition, and the secured creditor may not declare a default of the note, mortgage or other loan document based upon a pre-petition default.

| Creditor | Collateral Description | Estimated Amount of Arrearage | Interest to be Paid on Arrearage (0% if none specified) |
|---|---|---|---|
| **Bank of America** | **House and lot located at 7330 Boot Court, Lucoma, NC 27851** | **$9,798.00** | **0%** |

### 6. SECURED CLAIMS TO BE PAID DIRECTLY TO CREDITORS BY DEBTOR

The following secured claims shall be paid by the debtor directly to the secured creditors according to the contractual terms of the secured claims:

| Creditor | Collateral Description |
|---|---|
| **-NONE-** | |

### 7. PRE-PETITION DOMESTIC SUPPORT OBLIGATIONS

The following arrearage claims for pre-petition domestic support obligations as defined in 11 U.S.C. §101(14A) shall be paid in full through this plan pursuant to 11 U.S.C.§507(a)(1) unless the domestic support obligation claimant agrees to a different treatment or the court orders otherwise:

| Creditor | Collection Agency | Amount of Arrearage |
|---|---|---|
| -NONE- | | |

The debtor shall directly pay all ongoing domestic support obligations that become due after the filing of the petition.

### 8. PRIORITY CLAIMS (EXCLUDING DOMESTIC SUPPORT OBLIGATIONS)

The following claims that are entitled to priority pursuant to 11 U.S.C. §507 shall be paid in full through this plan unless the claimant agrees to a different treatment or the court orders otherwise:

| Creditor | Type of Priority | Amount of Priority Claim |
|---|---|---|
| Internal Revenue Service | Taxes and certain other debts | $1,200.00 |
| North Carolina Dept. of Revenue | Taxes and certain other debts | $500.00 |
| Wilson County Tax Collector | Taxes and certain other debts | $0.00 |

### 9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Executory contracts and leases that are being assumed shall be paid directly by the debtor according to the contractual terms of the executory contract or lease . Pre-petition defaults listed in the chart at the end of this paragraph will be cured through the plan. The amount of the arrearage in the chart is an estimation and the amount of the arrearage, unless otherwise ordered by the court, shall be determined by the amount stated in the creditor's proof of claim. After the arrearage, as stated in the proof of claim, has been paid through the plan, all pre-petition defaults shall be deemed to be cured, the debtor's obligation shall be deemed to be current as of the date of the petition, the lessor or party to the executory contract shall have no right to recover any amount alleged to have arisen prior to the filing of the petition, and the lessor or party to the executory contract may not declare a default of the lease or contract based upon a pre-petition default. Claims arising from the rejection of executory contracts and leases shall be general unsecured claims.

| Lessor/Creditor | Subject of Lease/Contract | To be Assumed, Rejected, or other Treatment | Amount of Arrearage | Term of Cure (Months) |
|---|---|---|---|---|
| -NONE- | | | | |

### 10. CO-DEBTOR AND OTHER SPECIALLY CLASSIFIED UNSECURED CLAIMS

The following claims, if allowed, shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| Creditor | Amount of Debt Specially Classified | Treatment of Claim |
|---|---|---|
| -NONE- | | |

### 11. GENERAL UNSECURED CLAIMS

General unsecured claims shall be paid through the plan pro rata to the extent that funds are available after disbursements are made to pay secured claims, arrearage claims, priority claims, and other specially classified claims.

### 12. DISCHARGE

Subject to the requirements, conditions and limitations provided in 11 U.S.C. §1328, and unless the court approves a written waiver of discharge executed by the debtor, the court shall, as soon as practicable after completion by the debtor of all payments under the plan, grant the debtor a discharge of all debts provided for by the plan or that are disallowed under 11 U.S.C.§ 502.

**13. OTHER PLAN PROVISIONS**

    A. <u>Lien Retention</u>.  Holders of allowed secured claims shall retain the liens securing their claims to the extent provided by 11 U.S.C.§ 1325(a)(5)(B)(i).

    B. <u>Vesting of Property of the Estate</u>.  Property of the estate shall vest in the debtor pursuant to 11 U.S.C. § 1327(b) unless this box is checked ☐, in which event property of the estate shall remain property of the estate after confirmation of the plan.

Except as otherwise provided, property of the estate and property that vests in the debtor upon confirmation shall remain in the possession and control of the debtor, and the trustee shall have no liability arising out of the property or its retention or use by the debtor.  The debtor's use of the property shall be subject to the requirements of 11 U.S.C. §363, all other provisions of title 11, the Federal Rules of Bankruptcy Procedure and the Local Rules of this court.

    C. <u>Creditor Notices When Debtor to Make Direct Payments</u>.  Secured Creditors, lessors and parties to executory contracts that will be paid directly by the debtor may send standard payment notices to the debtor without violating the automatic stay.

    D. <u>Rights of Debtor and Trustee to Avoid Liens and to Recover Transfers</u>.  Confirmation of the plan shall not prejudice the rights of the debtor or the trustee to bring actions to avoid liens or to avoid and recover transfers.  Actions to avoid liens or to avoid and recover transfers must be initiated by separately filed motions or complaints.

    E. <u>Other Provisions of the Plan</u>:

(Please attach additional pages as necessary)

**The Debtor shall pay to the Trustee, beginning on the first day of the first month after this case was filed, monthly payments of :  $978.00 for 60 months, or until all required claims have been paid in full.  The obligation to make such payments, however, shall cease upon payment to the Trustee of a sum sufficient to pay in full: (A) allowed administrative priority claims, including specifically the Trustee's commission and attorneys' fees and expenses ordered by the Court to be paid to the attorney for the Debtor(s), (B) allowed secured claims (including but not limited to arrearage claims), except those which the confirmed plan or subsequent order of this Court provide shall be paid directly by the Debtor(s) rather than by the Trustee, (C) allowed unsecured priority claims, (D) if the confirmed plan or subsequent order so provides, a consumer debt of the Debtor(s) on which an individual is obligated with the Debtor(s), (E) post-petition claims allowed under §1305, and (F) the dividend, if any, required to be paid to non-priority, general unsecured creditors (and not including priority unsecured creditors) under § 1325(b)(I)(B), and (G) the amount necessary to pay creditors to satisfy the liquidation test of § 1325(a)(4).  In this case, general unsecured creditors will receive $0.00.  The Trustee shall disburse such funds pursuant to the terms of the confirmed plan and subsequent orders of the Court.  The amounts to be paid to the Trustee under the confirmed plan and subsequent orders of the Court must be paid to the Trustee before a discharge may be entered.  The Plan establishes a minimum pool of funds to e paid to the Trustee by the Debtor(s) called the "Unsecured pool," as provided for in 11 U.S.C. § 1325(b)(I)(B).  The Plan establishes the Unsecured pool in this case as $0.00.  General unsecured creditors shall receive their pro rata portion of funds in the Unsecured Pool.**

**Administrative claims to Debtor's counsel of $2,965 at time of filing this case shall be paid in such amounts as to allow payment in full within the first 16 months of Debtor's chapter 13 plan.**

Date **November  7, 2012**      Signature **/s/ Lawrence Jones**
    **Lawrence Jones**
    Debtor